James Williams v. The State.

No. 4155. Decided December 12, 1908.

**1.—Assault to Murder—Evidence—Bill of Exceptions.**

Where upon appeal from a conviction of assault with intent to murder, appellant complained that he had not been permitted to show that before the assault in defendant's presence, prosecuting witness kicked one of defendant's witnesses when the latter was doing nothing; but the State's testimony showed that said witness was going into the house where prosecuting witness as an officer was quelling a disturbance; and so far as the bill of exceptions went the rejected testimony was simply an opinion of the witness, there was no reversible error.

**2.—Same—Charge of Court—Aggravated Assault—Self-Defense.**

Where upon trial of assault with intent to murder the State's theory was that the defendant fired at prosecutor without legal provocation, and that of the defense was self-defense against another party whom he took to be his assailant; and the court submitted the right of self-defense as it applied between defendant and prosecutor as well as it applied to said third party, and also submitted besides the issue of assault to murder that of aggravated assault, there was no error.

**3.—Same—General Reputation.**
Where upon trial for assault with intent to murder the defendant was not permitted to prove the general dangerous reputation of the third party whom he took to be his assailant, and he himself claimed that this party was actually firing upon him when the defendant returned the fire, the question of dangerous character of the defendant's supposed assailant was largely immaterial, and the rejection of such testimony was harmless. Ramsey, Judge, dissenting.

**4.—Same—Evidence—General Reputation.**
It has been held that one witness is not sufficient to prove the fact of general reputation.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of assault with intent to murder; penalty, thirteen years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & Evans,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The first bill of exceptions is reserved to the refusal of the court to permit appellant to prove by Leroy Stell that he was doing nothing at the time the alleged injured party, Brannon, kicked him. Leroy Stell was a witness in the case. The same fact was sought to be proved by other witnesses. Exception was reserved in each instance. We are of opinion that the rejection of the testimony, if error, is not of sufficient importance to require a reversal of the judgment. The facts show that on Christmas morning at a pool hall in that portion of the city of Dallas denominated "Frog Town," a lot of negroes had congregated and were somewhat hilarious. Brannon, the alleged assaulted party, was a mounted policeman and went to the scene and ordered the negroes away. They obeyed. As he went into the pool hall Leroy Stell was also entering the house and Brannon caught him, shoved him out of the house and kicked him. Appellant was standing near by and witnessed this performance. In this connection the question was asked Stell and other witnesses what Stell was doing at the time. On objection an answer was not permitted. These witnesses would have testified had they been permitted, that Stell was doing nothing. The answer proposed was more of an opinion than a fact. What he was doing was stated; that is, that he was going in the house. The inquiry so far as the bill is concerned, was not pursued further. As before stated, we are of opinion there is no such error, if error at all, in this ruling as to require a reversal of the judgment.

There are several criticisms of the charge but a review of the instructions does not impress us that these criticisms are well taken. The court submitted the issue of assault to murder, aggravated

assault and self-defense. The law of self-defense was submitted from two different standpoints. First, the right to defend against Brannon; and, second, against Purvis, whom appellant said he thought was his assailant. There are two theories as to this difficulty. At the pool hall after Brannon had ordered the negroes to disperse, he started away. Brannon testifies that some one hallooed and he went back and found it was appellant. He inquired why he did so and appellant then hallooed in his face, whereupon he slapped appellant and ordered him to leave. Appellant left, remarking, "All right, Captain." Some twenty-five or thirty minutes afterwards traveling along the street Brannon heard a noise on another street a few hundred feet away. As he entered the street where he heard this noise he saw appellant coming rather diagonally across the street with a shotgun, and as soon as appellant discovered him he, appellant, fired. Whereupon, Brannon jumped from his horse, returned the fire with his pistol and then ran behind the corner of a house. The firing continued, appellant firing twice more at him, while he fired five shots at appellant. Two witnesses introduced by the State, white men, testified in regard to the slapping transaction that appellant did not hollo but that Brannon went back where appellant was and slapped him. They also testified that they witnessed part, at least, of the shooting difficulty and that appellant fired first but only fired twice. Appellant's case is that when slapped and ordered away, he left, went home, got his gun and started hunting with the intention of going by the house of a friend to get a game bag—that two of his friends had gone hunting—and that his purpose was to join them and spend the day in the woods; that walking up the street with his gun he heard a shot; that it came very near hitting him; that he looked up and saw the party whom he took to be a bright mulatto named Purvis; that the party was behind the corner of a house; that he could not tell very well but thought it was Purvis with whom he had a difficulty the night before; that when he discovered the fact that he was being shot at, he returned the fire, firing two shots; that he tried to reload the gun and got the cartridge in behind the breach-pin and then he could not thereafter handle the gun. That he left the scene of the difficulty and went across the street to a near-by house, and was in the house working on the gun when Brannon came in and still thinking it was Purvis, he struck at the invading party with the shotgun and struck the door, breaking the gun at the breach. Brannon says when he followed appellant in the house, appellant struck at him with the gun; that he warded it off, caught the blow on his arm and the gun broke. This is practically the substance of the evidence. It may be well enough to state, however, appellant was corroborated in his statement of the difficulty by other eyewitnesses. The court submitted the issues in regard to assault to murder, aggravated assault, and self-defense

against Brannon and self-defense on the idea that it was Purvis and not Brannon.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### December 12, 1908

DAVIDSON, PRESIDING JUDGE.—On a previous day of this term of court the judgment in this case was affirmed.

We do not care to review on this motion for rehearing the questions decided in the former opinion. Appellant reserved a bill of exceptions to the rejection of the testimony offered by himself while upon the witness stand. This evidence was in regard to the general bad reputation of Purvis, as being "that of a dangerous man or otherwise," and would have answered that such reputation was bad. The court excluded the offered testimony. As a usual rule reputation of this character follows evidence of threats. Threats were not proved in this case and the efficacy of threats and dangerous character of the party making the threats as a general proposition, become more or less potential in cases of apparent danger. But where the danger has been merged into actual danger and the party making the threats is actually firing at his antagonist, the reputation of the assailant becomes of much less importance and the rejection of such testimony as a rule, under such state of case, would not be reversible. Appellant offered as a witness, himself only to prove the general reputation. It has been held that one witness is not sufficient to prove the fact of general reputation. But be that as it may, we are of opinion that the rejection of the evidence in this case is not of sufficient importance to require a reversal. There were two theories as stated in the original opinion, presented by the evidence, one that appellant, after his first difficulty with the policeman Brannon went away, armed himself and was walking along the street when seen by Brannon. That he immediately fired upon Brannon with a shotgun and who returned the fire. This was the State's case. Appellant's theory was that he was fired upon first by somebody, he not being aware that he was being shot at, at first. Upon looking up, he discovered a man behind the house, shooting from that vantage ground, whom he took to be Purvis, a bright mulatto, with whom, he testified, he had a difficulty the night before. Under appellant's theory of the matter he was being fired upon by his enemy, Purvis, before he was aware of Purvis' presence. The appearances of danger were not involved in the case. It was one of actual and serious danger arising from an enemy shooting under cover and from a decided point of vantage with a six-shooter within easy range. If danger ever would become real from a standpoint of actual firing, appellant made this so

by his testimony, and the fact that Purvis may or may not have been a man of dangerous character or one of bad reputation would be largely immaterial. At least the exclusion of such testimony would be harmless. Out of deference to the able and urgent insistence of counsel for appellant in regard to the exclusion of this testimony, we have reviewed the question thus briefly. For collation of authorities see White's Annotated Penal Code, section 1180.

The motion for rehearing is overruled.

*Overruled.*

RAMSEY, Judge.—I believe this evidence was admissible. It is not certain that its exclusion did not prejudice appellant.